```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 13-24173-CV-GAYLES
                                MAGISTRATE JUDGE P.A. WHITE
MAURICE D. MARSHALL,          :

      Petitioner,             :

v.                            :     REPORT OF
                                    MAGISTRATE JUDGE
W.T. TAYLOR, WARDEN,          :

      Respondent.             :
_____
```

### Introduction

Maurice Marshall, a federal prisoner confined at the Federal Correctional Institution in Miami, Florida, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241-43. The petitioner alleges that his constitutional rights were violated in connection with disciplinary action taken by prison officials for a disciplinary report filed against him on March 17, 2013.

For its consideration of the petition with attached exhibits (DE#1), the Court has the respondent's response to an order to show cause with exhibits (DE#15), the petitioner's reply thereto (DE#16), and the respondent's supplemental response.

### Claims

The petitioner alleged in his initial petition that his Due Process rights were violated in connection with disciplinary action taken by prison officials with regard to a disciplinary report issued on March 17, 2013. As relief the petitioner requests that the DHO's finding of guilt be reversed and his inmate file be expunged of the matter.

The claim arose from a disciplinary report that alleged that the petitioner had been in possession of cell phone while

incarcerated. The evidence of the cell phone possession included a text message retrieved from a phone that had been confiscated from his cellmate. At the time of the disciplinary hearing it was believed that the text message was outgoing and had originated in the prison. The petitioner alleged in his reply to the BOP response that the text message was incoming.

## Discussion

The only relief requested by the petitioner, reversal of the finding of guilt and expungement of the incident from his inmate file has been granted by the BOP. In its supplemental response (DE# 18) the respondent has advised that the BOP has investigated the petitioner's allegation that the text message was incoming rather than outgoing. The BOP has included an affidavit from Leslie Castro, Unit Manager at Miami-FCI, setting forth the actions taken by the BOP. (DE# 18-1). After its investigation the BOP determined that the text message was in fact incoming. As a result the BOP issued an amended incident report that was served on the petitioner on March 7, 2014. His 27 days of good conduct time were restored pending a new disciplinary hearing. That hearing occurred on March 28, 2014. After the new hearing the BOP expunged the charge from the petitioner's inmate file and the restoration of his lost good conduct credit was confirmed. Thus, as of this date the petitioner has not lost any good conduct time as a result of this incident and it has been expunged from his record. The petitioner has not filed any additional papers with the court contesting the information provided in the supplemental response or affidavit.

Due to the intervening actions of the BOP the petition has become moot.

<u>Conclusion</u>

The subject disciplinary actions of the BOP have been reversed and the petitioner has received all relief requested. The petition should be dismissed as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this <u>9th</u> day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Maurice D. Marshall, pro se
Reg. No. 82915-004
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Wendy A. Jacobus, AUSA
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132