UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-24173-CIV-GAYLES/WHITE

**MAURICE D. MARSHALL**,

    Petitioner,

vs.

**W.T. TAYLOR, WARDEN**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 20], entered on October 10, 2014.  On November 18, 2013, Petitioner, Maurice D. Marshall ("Marshall"), filed a *pro se* Petition under 28 U.S.C. section 2241 for Writ of Habeas Corpus by a person in state custody ("Petition") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.  (*See* [ECF No. 3]).

Upon reviewing Marshall's Petition, Judge White issued the Report recommending the petition should be dismissed as moot because the Bureau of Prisons reversed its disciplinary action and Marshall has received all of the relief he requested.  To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record.  In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's conclusion that the petition be dismissed as moot.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 20]** is **AFFIRMED AND ADOPTED** as follows:

1. Maurice D. Marshall's Petition **[ECF No. 1]** is **DISMISSED as MOOT**.
2. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE